UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN THOMAS MCCAFFERTY,

    Plaintiff,                        CIVIL ACTION NO. 15-cv-10548

    v.                                DISTRICT JUDGE MARK A. GOLDSMITH

COMMISSIONER OF              MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT DESIGNATION OF LOCAL COUNSEL [14]**

This matter comes before the Court on Plaintiff's May 29, 2015 Application for Leave to Proceed Without Designation of Local Counsel (docket no. 14), seemingly filed in response to the Court's May 20, 2015 Order to Secure Local Counsel (docket no. 13). Defendant has not responded to Plaintiff's Application. This action has been referred to the undersigned for all pretrial purposes. (Docket no. 4.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Eastern District of Michigan Local Rule 83.20(f)(1) provides:

> A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district. Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so. On application, the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

Plaintiff's counsel, Mr. Howard D. Olinsky, is the Managing Partner of the Olinsky Law Group, A National Disability Law Firm. According to the firm's website,

www.windisability.com, the firm maintains offices in Syracuse, New York, and Orlando, Florida, and is "one of the largest filers in the nation of Social Security Disability cases in Federal Court." Plaintiff's counsel indicates that he has practiced Social Security Disability law for twenty-eight years, is a member of the bar of the United States District Court for the Eastern District of Michigan, is a member in good standing of the New York and Georgia state bars, and has never been held in contempt or subject to discipline as defined in Eastern District of Michigan Local Rule 83.22(a)(1). (Docket no. 14 at 1.) He is not a member of the State Bar of Michigan.

Plaintiff's counsel seeks to be relieved from the general requirement to specify local counsel under Local Rule 83.20(f)(1). In support of his request, Plaintiff's counsel asserts that the instant Social Security appeal will be decided based on a review of the record and the parties' motions rather than through a trial, which should diminish any concern about his lack of physical presence in the Eastern District of Michigan. (Docket no. 14 at 6.) Nevertheless, he claims that he is prepared to be available to physically appear before the Court for any conferences or hearings. (*Id*.) Plaintiff's counsel also states that he is familiar with the Local Rules and the legal culture in this District. (*Id*.) Lastly, Plaintiff's counsel argues that Plaintiff is indigent and would sustain a substantial burden if he were required to retain local counsel. (*Id*. at 7.)

Plaintiff's counsel's argument regarding the financial burden imposed by the designation of local counsel holds little weight. Social Security appeals inherently require limited involvement from local counsel; thus, any fees incurred by obtaining local counsel should not be particularly oppressive. While many of Plaintiff's counsel's claimed attributes seem to lessen the need for local counsel in this matter, there are no extraordinary circumstances present that

2

warrant a deviation from the Local Rule. Accordingly, the Court will not exercise its discretion to waive the local counsel requirement in this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed Without Designation of Local Counsel [14] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff have local counsel file an appearance with this Court within fifteen (15) days of this Order.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: July 1, 2015     s/ Mona K. Majzoub
                        MONA K. MAJZOUB
                        UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated: July 1, 2015     s/ Lisa C. Bartlett
                        Case Manager